**PERSONALLY SERVED**

| | FILED<br>MINNEAPOLIS, MINN | |
|---|---|---|
| STATE OF MINNESOTA | 2021 JUN 11 AM 10: 24 | DISTRICT COURT |
| COUNTY OF HENNEPIN | CITY CLERK DEPARTMENT | FOURTH JUDICIAL DISTRICT |

Case Type: Personal Injury

---

Laura DeShane,

                Plaintiff,

vs.

City of Minneapolis, Joseph Fonseca, Tyler Nothnagel, County of Hennepin, Carrie Nyblom, and Hal Haliburton,

                Defendants.

Court File Number: 27-CV-21-3184

**SUMMONS IN A CIVIL ACTION**

---

TO:   County of Hennepin
        A-2400 Government Center
        300 South Sixth Street
        Minneapolis, MN 55487

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons to the address below.

3. **YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 10, 2021

*/s/ Tim Phillips*

_____
Tim Phillips (#390907)
Law Office of Tim Phillips
331 Second Avenue South, Suite 400
TriTech Center
Minneapolis, Minnesota 55401
Phone: (612) 470-7179
Email: tim@timphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

2

**PERSONALLY SERVED**

FILED
MINNEAPOLIS, MINN
2021 JUN 11 AM 10: 24
CITY CLERK DEPARTMENT

STATE OF MINNESOTA　　　　　　　　　　　　　　　DISTRICT COURT

COUNTY OF HENNEPIN　　　　　　　　　　　　FOURTH JUDICIAL DISTRICT

Case Type: Personal Injury

| | |
|---|---|
| Laura DeShane, | Court File Number: 27-CV-21-3184 |
| Plaintiff, | |
| vs. | |
| City of Minneapolis, Joseph Fonseca, Tyler Nothnagel, County of Hennepin, Carrie Nyblom, and Hal Haliburton, | **FIRST AMENDED COMPLAINT** <br> **JURY TRIAL REQUESTED** |
| Defendants. | |

## INTRODUCTION

1. On or about November 3, 2020, Laura DeShane – the plaintiff in this case – was arrested while recording with her phone in a public park, and subjected to unduly tight handcuffs that caused injury.

## PARTIES

2. Plaintiff Laura DeShane is a resident of Minneapolis, Minnesota.
3. Defendant City of Minneapolis is a municipality incorporated in the State of Minnesota.
4. Defendants Joseph Fonseca and Tyler Nothnagel committed the acts set forth below as police officers employed by the City of Minneapolis. Plaintiff is suing them in their official and individual capacities.
5. Defendant County of Hennepin is a political subdivision of the State of Minnesota.

6. Defendants Carrie Nyblom and Hal Haliburton committed the acts set forth below as sheriff's deputies employed by the County of Hennepin. Plaintiff is suing them in their official and individual capacities.

## JURISDICTION

7. This is an action for damages under 42 U.S.C. §§ 1983 and 1988, and under Minnesota common law. This Court has jurisdiction over this matter pursuant to Minn. Stat. § 484.01 *et seq.* Venue lies properly in Hennepin County, Minnesota pursuant to Minn. Stat. § 542.01 *et seq.*, as the events giving rise to this action occurred in Hennepin County.

## BACKGROUND

8. On November 3, 2020, Plaintiff became aware of a protest march passing through Uptown in Minneapolis.
9. Plaintiff went outside to see what was happening.
10. Plaintiff began recording the demonstration on Facebook Live.
11. Plaintiff walked alongside the march in an attempt to figure out who organized it and what was going on.
12. Before the march ended, Plaintiff had fallen about 20 feet behind the march.
13. At the corner of Aldrich Avenue and 31st Street, the march ended at Bryant Square Park.
14. The protesters quickly went from walking to running away.
15. Plaintiff continued to record on Facebook Live while standing approximately 100 feet away from the dispersing protesters.
16. A Minneapolis Police Department strike team attempted to arrest everyone in Bryant Square Park as soon as the march ended, regardless of whether officers had probable cause to arrest each person.

17. It was clear based on a variety of factors that Plaintiff was not one of the protesters, including but not limited to where Plaintiff was located and the fact that Plaintiff was standing quietly and filming instead of attempting to flee.
18. Plaintiff was arrested by Defendants Fonseca and Nothnagel while recording the aftermath of law enforcement chasing and arresting protesters.
19. Plaintiff was not given any warnings before her arrest.
20. Plaintiff was subjected to unduly tight handcuffs by Defendants Fonseca and Nothnagel that caused injury.
21. Plaintiff has worked as a certified wilderness first responder, and as of November 3, 2020, she had a basic medical understanding of what kind of damage could be done to a limb with severely restricted blood flow.
22. Before Plaintiff's handcuffs caused injury, Plaintiff complained to Defendant Nyblom to no avail.
23. Specifically, Plaintiff complained to Defendant Nyblom at approximately 10:58 p.m. on November 3, 2020 that her hand was going numb due to the handcuffs placed on her by Defendants Fonseca and Nothnagel.
24. Less than one minute later, Defendant Nyblom informed Defendant Haliburton that Plaintiff was complaining about her hand going numb.
25. Yet neither Defendant Nyblom nor Defendant Haliburton assisted Plaintiff at all with her unduly tight handcuffs for at least 30 minutes or so, despite ample opportunities to do so.
26. Plaintiff had never been arrested before.
27. Plaintiff had not committed a crime on November 3, 2020.

28. Plaintiff did not pose a threat, much less an immediate threat, to the safety of any officers or others on November 3, 2020.
29. Plaintiff did not actively resist arrest or attempt to evade arrest by flight on November 3, 2020.
30. Yet on November 3, 2020, Defendants Fonseca and Nothnagel arrested Plaintiff without proper legal authority, and Defendants Fonseca and Nothnagel subjected Plaintiff to unduly tight handcuffs that caused injury.
31. In addition, Defendants Nyblom and Haliburton failed to address Plaintiff's unduly tight handcuffs for at least 30 minutes or so, despite being notified that Plaintiff's handcuffs were too tight and her hand was going numb.
32. As a result of Plaintiff's arrest, she had to miss approximately two weeks of work.

### FIRST CAUSE OF ACTION – BATTERY
**Against Defendants City of Minneapolis, Fonseca, and Nothnagel**

33. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.
34. Defendants Fonseca and Nothnagel intentionally caused harmful or offensive contact with Plaintiff. Specifically, Defendants Fonseca and Nothnagel arrested Plaintiff without proper legal authority, and Defendants Fonseca and Nothnagel subjected Plaintiff to unduly tight handcuffs that caused injury.
35. The City of Minneapolis is vicariously liable for the acts described above by its officers.
36. As a direct and proximate result of the actions described above, Plaintiff suffered harm.

## SECOND CAUSE OF ACTION – NEGLIGENCE
### Against Defendants County of Hennepin, Nyblom, and Haliburton

37. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

38. Defendants Nyblom and Haliburton, by ignoring Plaintiff's complaint about her handcuffs being too tight for at least 30 minutes or so, breached their duty to exercise a reasonable standard of care toward Plaintiff.

39. The County of Hennepin is vicariously liable for the acts and omissions described above by its sheriff's deputies.

40. As a direct and proximate result of these actions, Plaintiff suffered harm.

## THIRD CAUSE OF ACTION – FALSE ARREST / IMPRISONMENT
### Against Defendants City of Minneapolis, Fonseca, and Nothnagel

41. Plaintiff restates the preceding paragraphs as though fully stated herein.

42. The actions of Defendants Fonseca and Nothnagel intentionally restricted Plaintiff's physical liberty on November 3, 2020.

43. Plaintiff was aware of and was harmed by these actions by Defendants Fonseca and Nothnagel.

44. There was no reasonable means of escape known to Plaintiff.

45. Plaintiff's arrest was made without proper legal authority.

46. The City of Minneapolis is vicariously liable for the acts described above by its officers.

47. As a proximate cause of the false imprisonment of Plaintiff by Defendants Fonseca and Nothnagel, Plaintiff suffered harm, thereby entitling Plaintiff to recover damages.

## FOURTH CAUSE OF ACTION – EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS
### Against Defendants Fonseca and Nothnagel

48. Plaintiff restates the preceding paragraphs as though fully stated herein.

49. The use of the force described above against Plaintiff by Defendants Fonseca and Nothnagel – subjecting Plaintiff to unduly tight handcuffs – violated Plaintiff's Fourth Amendment rights.

50. Plaintiff was not posing a threat to the safety of officers or others, had not committed a crime, and was neither actively resisting arrest nor attempting to evade arrest by flight.

51. The force Defendants Fonseca and Nothnagel used on Plaintiff, by subjecting her to unduly tight handcuffs, was objectively unreasonable.

52. Defendants Fonseca and Nothnagel acted under color of law.

53. The actions of Defendants Fonseca and Nothnagel constituted an unlawful seizure in violation of Plaintiff's Fourth Amendment rights.

54. Defendants Fonseca and Nothnagel willfully engaged in this unconstitutional conduct.

55. As a direct and proximate result of this violation of Plaintiff's constitutional rights, Plaintiff suffered harm.

## FIFTH CAUSE OF ACTION – RETALIATION IN VIOLATION OF 42 U.S.C. § 1983 AND THE FIRST AND FOURTEENTH AMENDMENTS
### Against Defendants Fonseca, Nothnagel, Nyblom, and Haliburton

56. Plaintiff restates the preceding paragraphs as though fully stated herein.

57. Plaintiff was engaged in conduct protected by the First Amendment, including but not limited to recording police activity, on November 3, 2020.

Filed in District Court
State of Minnesota
6/9/2021 11:26 A

58. The acts or omissions of Defendants Fonseca, Nothnagel, Nyblom, and Haliburton, described above, were in retaliation for Plaintiff's First Amendment activity.

59. This retaliation against Plaintiff by Defendants Fonseca, Nothnagel, Nyblom, and Haliburton violated Plaintiff's constitutional rights.

60. Defendants Fonseca, Nothnagel, Nyblom, and Haliburton acted under color of law.

61. The unlawful retaliation by Defendants Fonseca, Nothnagel, Nyblom, and Haliburton was willful and recklessly indifferent to Plaintiff's constitutional rights.

62. Plaintiff suffered harm as a direct and proximate result of this violation of Plaintiff's First Amendment rights.

**SIXTH CAUSE OF ACTION – FALSE ARREST IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS**
**Against Defendants Fonseca and Nothnagel**

63. Plaintiff restates the preceding paragraphs as though fully stated herein.

64. Defendants Fonseca and Nothnagel, acting under color of law, arrested Plaintiff without a warrant.

65. At the time Defendants Fonseca and Nothnagel arrested Plaintiff without a warrant, it was clearly established that a warrantless arrest complies with the Fourth Amendment only "if it is supported by probable cause." *Borgman v. Kedley*, 646 F.3d 518, 522 (8th Cir. 2011).

66. Defendants Fonseca and Nothnagel did not have probable cause, or even arguable probable cause, to arrest Plaintiff, who was clearly identifiable as an observer of, rather than a participant in, the November 3, 2020 protest at issue.

67. As a direct and proximate cause of this violation of Plaintiff's rights, Plaintiff suffered harm, thereby entitling Plaintiff to recover damages.

### SEVENTH CAUSE OF ACTION – DELIBERATE INDIFFERENCE IN VIOLATION OF 42 U.S.C. § 1983 AND THE EIGHTH OR FOURTEENTH AMENDMENT
#### Against Defendants Nyblom and Haliburton

68. Plaintiff restates the preceding paragraphs as though fully stated herein.

69. Defendants Nyblom and Haliburton were deliberately indifferent towards Plaintiff's obvious medical need caused by unduly tight handcuffs, and failed to take reasonable measures to address this obvious medical need.

70. Defendants Nyblom and Haliburton were each aware of and deliberately disregarded Plaintiff's risk of injury due to unduly tight handcuffs, as Plaintiff communicated to Defendant Nyblom that her hand was going numb due to her handcuffs, and Defendant Nyblom promptly communicated this to Defendant Haliburton; yet neither Defendant Nyblom nor Defendant Haliburton assisted Plaintiff for at least 30 minutes or so, despite ample opportunities to do so.

71. Plaintiff suffered from an objectively serious medical need at the time she communicated to Defendant Nyblom that her hand was going numb due to her handcuffs.

72. The lack of a prompt response by Defendants Nyblom and Haliburton was obviously inadequate, and violated Plaintiff's clearly established right to reasonable measures to address her obvious medical need.

73. Defendants Nyblom and Haliburton acted under color of law.

74. As a direct and proximate cause of this violation of Plaintiff's rights, Plaintiff suffered harm, thereby entitling Plaintiff to recover damages.

## REQUEST FOR RELIEF

Plaintiff requests relief as follows:

1. Compensatory damages against Defendants, jointly and severally, in an amount exceeding $50,000;
2. Punitive damages;
3. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;
4. Prejudgment interest; and
5. Such other further relief as this Court may deem just and proper.

Dated: June 9, 2021

*/s/ Tim Phillips*

Tim Phillips (#390907)
Law Office of Tim Phillips
331 Second Avenue South, Suite 400
TriTech Center
Minneapolis, Minnesota 55401
Phone: (612) 470-7179
Email: tim@timphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

## ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

Plaintiff, through undersigned counsel, acknowledges that sanctions, attorneys' fees, and witness fees may be imposed under Minn. Stat. § 549.211.

Dated: June 9, 2021

*/s/ Tim Phillips*

Tim Phillips (#390907)
Law Office of Tim Phillips
331 Second Avenue South, Suite 400
TriTech Center
Minneapolis, Minnesota 55401
Phone: (612) 470-7179
Email: tim@timphillipslaw.com

**ATTORNEY FOR PLAINTIFF**