UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Laura DeShane,                                    Case No. 21-CV-1452

          Plaintiff,

     vs.                                           ANSWER OF DEFENDANTS
                           CITY OF MINNEAPOLIS,
City of Minneapolis, Joseph Fonseca,              JOSEPH FONSECA AND
Tyler Nothnagel, County of                        TYLER NOTHNAGEL
Hennepin, Carrie Nyblom, and Hal
Haliburton,                                       DEMAND FOR JURY TRIAL

          Defendants.

---

For their Answer to Plaintiff's First Amended Complaint, Defendants, City of Minneapolis, Joseph Fonseca and Tyler Nothnagel (hereinafter "City Defendants"), state and allege as follows:

Unless specifically admitted, qualified or otherwise pleaded herein, City Defendants deny each and every allegation, matter and thing in Plaintiff's First Amended Complaint.

City Defendants:

**INTRODUCTION**

1.      Admit that Plaintiff was arrested on or about November 3, 2020 while in a Minneapolis Park.  Lack sufficient information to admit or deny whether Plaintiff was recording with her phone at the time of her arrest, and therefore deny

the same.  Deny the remaining allegations in paragraph 1 of the First Amended Complaint.

## PARTIES

2.     On information and belief, admit the allegations in paragraph 2 of the First Amended Complaint.

3.     Admit the allegations in paragraph 3 of the First Amended Complaint.

4.     Admit that Plaintiff purports to bring claims against Defendant Officers Fonseca and Nothnagel.  Deny that such claims have merit.

5.     State that the allegations in Paragraph 5 of the First Amended Complaint are not directed at the City Defendants and therefore no response by the City Defendants is required.  To the extent a response is required, denied.

6.     State that the allegations in Paragraph 6 of the First Amended Complaint are not directed at the City Defendants and therefore no response by the City Defendants is required.  To the extent a response is required, denied.

## JURISDICTION

7.     Admit that Plaintiff seeks damages through purported claims brought under Federal and Minnesota law.  Deny that Plaintiff is entitled to such damages and deny that Plaintiff's claims have merit.  Admit that the events at issue occurred in Hennepin County, Minnesota.  Deny that jurisdiction and venue are

proper in Hennepin County District Court.  Affirmatively state that this case is now properly venued in the United States District Court for the District of Minnesota.

## BACKGROUND

8.    Lack sufficient information to admit or deny the allegations in paragraph 8 of the First Amended Complaint, and therefore deny the same.

9.    Lack sufficient information to admit or deny the allegations in paragraph 9 of the First Amended Complaint, and therefore deny the same.

10.    Lack sufficient information to admit or deny the allegations in paragraph 10 of the First Amended Complaint, and therefore deny the same.

11.    Lack sufficient information to admit or deny the allegations in paragraph 11 of the First Amended Complaint, and therefore deny the same.

12.    Lack sufficient information to admit or deny the allegations in paragraph 12 of the First Amended Complaint, and therefore deny the same.

13.    Lack sufficient information to admit or deny the allegations in paragraph 13 of the First Amended Complaint, and therefore deny the same.

14.    Lack sufficient information to admit or deny the allegations in paragraph 14 of the First Amended Complaint, and therefore deny the same.

15.    Lack sufficient information to admit or deny the allegations in paragraph 15 of the First Amended Complaint, and therefore deny the same.

16.     Admit that arrests were made by Minneapolis Police Officers during the referenced incident.   Deny that the arrests lacked probable cause. Affirmatively state that City Defendants fully complied with the law.

17.     Deny the allegations in paragraph 17 of the First Amended Complaint.

18.     Admit Plaintiff was arrested.   Deny the remaining allegations in paragraph 18 of the First Amended Complaint.

19.     Admit Plaintiff was arrested.   Deny the remaining allegations in paragraph 19 of the First Amended Complaint.

20.     Deny the allegations in paragraph 20 of the First Amended Complaint.

21.     Lack sufficient information to admit or deny the allegations in paragraph 21 of the First Amended Complaint, and therefore deny the same.

22.     Deny that Plaintiff was subjected to unduly tight handcuffs or that Plaintiff suffered injury as a result of the City Defendants' actions.   State that the remaining allegations in Paragraph 22 of the First Amended Complaint are not directed at the City Defendants and therefore no response by the City Defendants is required.   To the extent a response is required, denied.

23.     Deny that Plaintiff was subjected to unduly tight handcuffs or that Plaintiff suffered injury as a result of the City Defendants' actions.  State that the

remaining allegations in Paragraph 23 of the First Amended Complaint are not directed at the City Defendants and therefore no response by the City Defendants is required. To the extent a response is required, denied.

24. Deny that Plaintiff was subjected to unduly tight handcuffs or that Plaintiff suffered injury as a result of the City Defendants' actions. State that the remaining allegations in Paragraph 24 of the First Amended Complaint are not directed at the City Defendants and therefore no response by the City Defendants is required. To the extent a response is required, denied.

25. Deny that Plaintiff was subjected to unduly tight handcuffs or that Plaintiff suffered injury as a result of the City Defendants' actions. State that the remaining allegations in Paragraph 25 of the First Amended Complaint are not directed at the City Defendants and therefore no response by the City Defendants is required. To the extent a response is required, denied.

26. Lack sufficient information to admit or deny the allegations in paragraph 26 of the First Amended Complaint, and therefore deny the same.

27. Deny the allegations in paragraph 27 of the First Amended Complaint.

28. Deny the allegations in paragraph 28 of the First Amended Complaint.

29.     Lack sufficient information to admit or deny the allegations in paragraph 29 of the First Amended Complaint, and therefore deny the same.

30.     Admit Plaintiff was arrested on or about November 3, 2020.  Deny the remaining allegations in paragraph 30 of the First Amended Complaint.

31.     Deny that Plaintiff was subjected to unduly tight handcuffs or that Plaintiff suffered injury as a result of the City Defendants' actions.  State that the remaining allegations in Paragraph 31 of the First Amended Complaint are not directed at the City Defendants and therefore no response by the City Defendants is required.  To the extent a response is required, denied.

32.     Deny the allegations in paragraph 32 of the First Amended Complaint.

### FIRST CAUSE OF ACTION – BATTERY
### Against Defendants City of Minneapolis, Fonseca, and Nothnagel

33.     Restate all previous responses.

34.     Deny the allegations in paragraph 34 of the First Amended Complaint.

35.     Deny the allegations in paragraph 35 of the First Amended Complaint.

36.     Deny the allegations in paragraph 36 of the First Amended Complaint.

## SECOND CAUSE OF ACTION – NEGLIGENCE
**Against Defendants County of Hennepin, Nyblom, and Haliburton**

37.     Restate all previous responses.

38.     Deny that Plaintiff was subjected to unduly tight handcuffs or that Plaintiff suffered injury as a result of the City Defendants' actions.  State that the remaining allegations in Paragraph 38 of the First Amended Complaint are not directed at the City Defendants and therefore no response by the City Defendants is required.  To the extent a response is required, denied.

39.     Deny that Plaintiff was subjected to unduly tight handcuffs or that Plaintiff suffered injury as a result of the City Defendants' actions.  State that the remaining allegations in Paragraph 39 of the First Amended Complaint are not directed at the City Defendants and therefore no response by the City Defendants is required.  To the extent a response is required, denied.

40.     Deny that Plaintiff was subjected to unduly tight handcuffs or that Plaintiff suffered injury as a result of the City Defendants' actions.  State that the remaining allegations in Paragraph 40 of the First Amended Complaint are not directed at the City Defendants and therefore no response by the City Defendants is required.  To the extent a response is required, denied.

## THIRD CAUSE OF ACTION – FALSE ARREST/IMPRISONMENT
**Against Defendants City of Minneapolis, Fonseca, and Nothnagel**

41.     Restate all previous responses.

7

42.     Admit that Plaintiff was arrested on November 3, 2020.  Deny that Plaintiff's arrest lacked probable cause.  Affirmatively state that City Defendants fully complied with the law.

43.     Admit, on information and belief, that Plaintiff was aware of her own arrest.  Deny the remaining allegations in paragraph 43 of the First Amended Complaint.

44.     Admit that Plaintiff was arrested on November 3, 2020.  Deny that Plaintiff's arrest lacked probable cause.  Affirmatively state that City Defendants fully complied with the law.

45.     Deny the allegations in paragraph 45 of the First Amended Complaint.

46.     Deny the allegations in paragraph 46 of the First Amended Complaint.

47.     Deny the allegations in paragraph 47 of the First Amended Complaint.

## FOURTH CAUSE OF ACTION – EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS
### Against Defendants Fonseca and Nothnagel

48.     Restate all previous responses.

49.     Deny the allegations in paragraph 49 of the First Amended Complaint.

50.     Deny the allegations in paragraph 50 of the First Amended Complaint.

51.     Deny the allegations in paragraph 51 of the First Amended Complaint.

52.     State that paragraph 52 of the First Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, denied.

53.     Deny the allegations in paragraph 53 of the First Amended Complaint.

54.     Deny the allegations in paragraph 54 of the First Amended Complaint.

55.     Deny the allegations in paragraph 55 of the First Amended Complaint.

## FIFTH CAUSE OF ACTION – RETALIATION IN VIOLATION OF 42 U.S.C. § 1983 AND THE FIRST AND FOURTEENTH AMENDMENTS
### Against Defendants Fonseca, Nothnagel, Nyblom, and Haliburton

56.     Restate all previous responses.

57.     Deny the allegations in paragraph 57 of the First Amended Complaint.

58.     Deny the allegations in paragraph 58 of the First Amended Complaint.

59.     Deny the allegations in paragraph 59 of the First Amended Complaint.

60.     State that paragraph 60 of the First Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, denied.

61.     Deny the allegations in paragraph 61 of the First Amended Complaint.

62.     Deny the allegations in paragraph 62 of the First Amended Complaint.

## SIXTH CAUSE OF ACTION – FALSE ARREST IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS
### Against Defendants Fonseca and Nothnagel

63.     Restate all previous responses.

64.     Admit that Plaintiff was arrested without a warrant.  State that the remaining allegations in paragraph 64 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, denied.

65.     Admit that Plaintiff was arrested without a warrant.  State that the remaining allegations in paragraph 65 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, denied.

10

66.     Deny the allegations in paragraph 66 of the First Amended Complaint.

67.     Deny the allegations in paragraph 67 of the First Amended Complaint.

## SEVENTH CAUSE OF ACTION – DELIBERATE INDIFFERENCE IN VIOLATION OF 42 U.S.C. § 1983 AND THE EIGHTH OR FOURTEENTH AMENDMENT
### Against Defendants Nyblom and Haliburton

68.     Restate all previous responses.

69.     Deny that Plaintiff was subjected to unduly tight handcuffs or that Plaintiff suffered injury as a result of the City Defendants' actions.  State that the remaining allegations in Paragraph 69 of the First Amended Complaint are not directed at the City Defendants and therefore no response by the City Defendants is required.  To the extent a response is required, denied.

70.     Deny that Plaintiff was subjected to unduly tight handcuffs or that Plaintiff suffered injury as a result of the City Defendants' actions.  State that the remaining allegations in Paragraph 70 of the First Amended Complaint are not directed at the City Defendants and therefore no response by the City Defendants is required.  To the extent a response is required, denied.

71.     Deny that Plaintiff was subjected to unduly tight handcuffs or that Plaintiff suffered injury as a result of the City Defendants' actions.  State that the remaining allegations in Paragraph 71 of the First Amended Complaint are not

directed at the City Defendants and therefore no response by the City Defendants is required.  To the extent a response is required, denied.

72.   Deny that Plaintiff was subjected to unduly tight handcuffs or that Plaintiff suffered injury as a result of the City Defendants' actions.  State that the remaining allegations in Paragraph 72 of the First Amended Complaint are not directed at the City Defendants and therefore no response by the City Defendants is required.  To the extent a response is required, denied.

73.   State that paragraph 73 of the First Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, denied.

74.   Deny the allegations in paragraph 74 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

1.   The First Amended Complaint fails to state a claim upon which relief can be granted.

2.   The City Defendants affirmatively allege that, at all times relevant to the First Amended Complaint, the City Defendants are and were protected by qualified immunity, statutory immunity under Minnesota Statutes Chapter 466, official immunity, and vicarious official immunity from any liability in this action, and/or any other applicable immunity.

3.    The City Defendants allege that the acts upon which the First Amended Complaint is based were privileged, were based upon reasonable suspicion, probable cause, or other proper legal standard to believe that Plaintiff was subject to a lawful seizure, was commanded or authorized by law, and was done in a reasonable and lawful manner under the circumstances such that the City Defendants are immune from liability in this action.

4.    One or more of Plaintiff's claims is barred as Plaintiff's have failed to exhaust available judicial and administrative remedies.

5.    The alleged use of force, if any, was privileged under the common law and/or under Minnesota Statutes § 609.06.

6.    The City Defendants are not liable for punitive damages, if any, under applicable law.

7.    The City Defendants' actions were justified by Plaintiff's actions.

8.    Plaintiff's injuries or damages, if any, were caused, contributed to, or brought about by Plaintiff's own intentional, negligent, unlawful, unreasonable, and/or illegal acts or the acts of others over whom the City Defendants exercise no right or dominion or control for whose actions the City Defendants are not legally responsible.

9.    Plaintiff failed to mitigate her damages, if any.

10.    Plaintiff assumed the risk of injury from her acts and omissions.

13

11.   The City Defendants allege that if Plaintiff has suffered any injury, damage or harm, such injury, damage or harm was caused by persons, events, and occurrences not involving the City Defendants.

12.   The City Defendants deny that Plaintiff has any right to attorneys' fees in this action.

13.   Plaintiff had knowledge, or in the exercise of reasonable care should have had knowledge, of each of the risks about which Plaintiff complains; further Plaintiff voluntarily assumed any risk inhered in the situation that gave rise to the First Amended Complaint.

14.   The First Amended Complaint is barred by the doctrine of execution of a public duty.

15.   The actions of the City Defendants with respect to the Plaintiff were taken in good faith and in response to the legitimate safety requirements of the situation and not motivated by the Plaintiff allegedly exercising First Amendment rights.

16.   Defendant City of Minneapolis alleges affirmatively that it is a municipality, and therefore said Defendant is immune from liability for claims pursuant to 42 U.S.C. § 1983 that are based upon the concept of respondeat superior.

14

17.    The City Defendants allege that Plaintiff voluntarily and unreasonably proceeded to encounter a known danger and therefore assumed the risk of any injury or damages.

18.    The City Defendants had justification for any of the actions complained of in the Complaint.

19.    The City Defendants allege affirmatively that the acts upon which the Complaint was made were privileged, in that the acts were necessary to secure important governmental and public interests relative to public safety and welfare, there was a need for prompt action because of exigent circumstances, and the City Defendants attempted to minimize any risk of wrongful, erroneous or unnecessary deprivation of life, liberty or property.

20.    The City Defendants allege affirmatively that liability for any claim under the laws of the State of Minnesota is limited by Minn. Stat. § 466.04.

21.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

22.    If Plaintiff is entitled to recover any damages against City Defendants, which is affirmatively denied, then the City Defendants are entitled to offset the amounts which the Plaintiff has received from any collateral source or is entitled to receive therefrom.

15

**WHEREFORE**, the City Defendants pray for an Order of this Court as follows:

1.      Dismissing Plaintiff's Complaint on the merits and with prejudice in its entirety;

2.      Awarding the City Defendants all reasonable costs, disbursements and attorneys' fees to the fullest extent allowed by law; and

3.      For such other and further relief as this Court deems appropriate.


Dated: June 21, 2021                          JAMES R. ROWADER, JR.
                                              City Attorney
                                              By      */s/ Sarah McLaren*
                                              SARAH MCLAREN (#0345878)
                                              Assistant City Attorney
                                              Minneapolis City Attorney's Office
                                              350 South Fifth Street, Room 210
                                              Minneapolis, MN 55415
                                              (612) 673-2183
                                              sarah.mclaren@minneapolismn.gov

                                              *Attorneys/ for Defendants City of
                                              Minneapolis, Joseph Fonseca and Tyler
                                              Nothnagel*